UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-697-MOC

| | |
|---|---|
| RICKY W. CAMPBELL, )<br>)<br>Plaintiff, pro se, )<br>)<br>vs. )<br>)<br>CHAD F. WOLF, )<br>Acting Secretary, Department of )<br>Homeland Security, )<br>Defendant. )<br>_____ ) | **ORDER** |

      **THIS MATTER** is before the Court on its own motion following the filing of a Motion for Summary Judgment by Defendant, (Doc. No. 19), filed on July 7, 2021, and following a hearing on the summary judgment motion.

      Here, the Court notes that Defendant filed the summary judgment motion before the parties had conducted any discovery in this action. Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448–49 (4th Cir. 2011); see Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015). As the Fourth Circuit has stated, when a district judge rules on a summary judgment motion prior to discovery, it is akin to "for[cing] the non-moving party into a fencing match without a sword or mask." McCray v. Md. Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014); see Putney v. Likin, 656 F. App'x 632, 639 (4th Cir. 2016) (per curiam).

      However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet

1

Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. FED. R. CIV. P. 56(d); see Harrods, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party who fails to file a Rule 56(d) affidavit does so at his peril, because "'the failure to file an affidavit...is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Harrods, 302 F.3d at 244 (citations omitted). However, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. This is particularly true where the plaintiff is proceeding pro se.

Here, the Court is concerned that Plaintiff, who is proceeding pro se, may not have been aware of his right to conduct discovery before the Court ruled on the summary judgment motion. Therefore, the Court will grant Plaintiff the right to inform the Court whether he wishes to conduct discovery in this matter.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall inform the Court, within 20 days, whether he seeks to conduct any discovery before the Court rules on Defendant's summary judgment motion.

Signed: September 27, 2021

Max O. Cogburn Jr.
United States District Judge