IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-697-MOC-DCK

| | |
|---|---|
| RICKY W. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHAD F. WOLF, Acting Secretary ) | |
| Department of Homeland Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of An Order Pursuant To The Privacy Act, 5 U.S.C. § 552a" (Document No. 39) filed April 14, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Based upon the parties' Motion pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), and good cause having been shown for the issuance of a protective order pursuant to Rule 26(c), Fed. R. Civ. Pro., **IT IS, THEREFORE, ORDERED** that the motion is granted as follows:

1. Plaintiff Ricky Campbell, a former TSA employee, brings this employment action pursuant to Title VII, 42 U.S.C. § 2000e-16(c), against the Secretary of the Department of Homeland Security, alleging retaliation.

2. Plaintiff has served written discovery on Defendant, seeking the identities of, and documents and information regarding, other TSA employees who could be potential comparators for Plaintiff's retaliation claim.

3. The Privacy Act, 5 U.S.C. § 552a, protects information about current and former

federal employees maintained in a system of records where information and documentation can be retrieved by an individual's name or other identifier, such as a social security number. As stated by the parties in their Joint Motion, some of the documents requested by Plaintiff are protected by the Privacy Act.

4. Pursuant to 5 U.S.C. § 552a(b)(11), documentation and information protected by the Privacy Act can be released pursuant to a Court Order. The Secretary of the Department of Homeland Security is authorized to disclose to the Plaintiff documents and information responsive to the categories of documents identified in paragraph 2 above.

5. The parties shall adhere to the following provisions of a Protective Order regarding the use of information and documentation protected by the Privacy Act:

    a. Any document produced pursuant to the protective order shall be marked "Privacy Act Protected" or similarly designated;

    b. The parties and/or their counsel shall not disclose documents or information about other current or former federal employees to any other person except where such disclosure is reasonably necessary to the conduct of this litigation, which includes use at trial or deposition and disclosure to office staff, paralegals, and experts;

    c. The parties shall not attach copies of documents containing information about other federal employees to any pleading filed with the Court, nor refer to the contents of such documents or records in any pleading, unless the records or information derived therefrom are sanitized in accordance with paragraph e., below;

    d. If any of the records are marked as exhibits for purposes of deposition or trial, the exhibits shall be sanitized in accordance with paragraph e., below;

    e. The parties agree the documents governed by a protective order will be

sanitized as follows:

      i.      Any document that may be filed with the Court or attached as an exhibit to a deposition shall be sanitized by removing personal information such as social security numbers, birth dates, home addresses and home telephone numbers; and

      ii.      In addition to removing the personal information described above, the employees' names shall also be removed from any documents, and the employees' initials shall be used in place of their names.

6.      The Court is not making any ruling on discoverability, relevance or the admissibility at trial of documents and information produced pursuant to this Protective Order.

**SO ORDERED**.    Signed: April 14, 2022

_____

David C. Keesler
United States Magistrate Judge