IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-697-MOC-DCK

| | |
|---|---|
| **RICKY W. CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ALEJANDRO MAYORKAS,** ) | |
| **Secretary Department Of Homeland Security**, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel" (Document No. 45). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will deny the motion.

## I. BACKGROUND

Plaintiff Ricky W. Campbell ("Plaintiff" or "Campbell"), appearing *pro se*, initiated this action with the filing of a Complaint on December 15, 2020. (Document No. 1). The Complaint includes claims pursuant to the ADA, the FMLA, HIPAA, the Rehabilitation Act, Title VII claims for harassment/hostile work environment, and retaliation claims under both the Rehabilitation Act and Title VII.[1] Id. On June 1, 2021, the Honorable Max O. Cogburn, Jr. dismissed all of Plaintiff's claims except his Title VII retaliation claim. (Document No. 12, p. 12).

---

[1] As this Court has previously noted, this is the fourth employment discrimination action Plaintiff has filed against this Defendant in this district. (Document No. 12, p. 1, n. 2) (citing 3:11-CV-068-RLV-DSC; 3:16-CV-691-FDW-DCK; and 3:17-CV-707-RJC-DCK).

"Federal Defendant's Motion For Summary Judgment" (Document No. 19) was filed on July 7, 2021.  The Court ultimately denied Defendant's motion, without prejudice to refile after the parties have conducted discovery.  (Document No. 30).

On or about November 5, 2021, Plaintiff opted to participate in the Court's *Pro Se* Settlement Assistance Program ("PSAP").  (Document No. 32).  The parties participated in a mediation on February 10, 2022, that resulted in an impasse.  (Document No. 36).

A "Pretrial Order And Case Management Plan" (Document No. 38) was entered on March 2, 2022.  The "…Case Management Plan" includes the following deadlines:  discovery completion – October 28, 2022;  dispositive motions – November 10, 2022;  and trial – February 21, 2023. (Document No. 38).

On, May 26, 2022, Plaintiff filed a request for a hearing regarding a discovery dispute. (Document No. 41).  The undersigned denied Plaintiff's request, without prejudice, on June 21, 2022. (Document No. 44).  Defendant was directed to supplement its discovery requests, and Plaintiff was given leave to file a motion to compel, if necessary, on or after August 10, 2021.  Id.

Now pending is "Plaintiff's Motion To Compel" (Document No. 45) filed August 18, 2022. The motion is ripe for disposition.  See (Document Nos. 46 and 47).

## II.  STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III. DISCUSSION

By the pending motion, *pro se* Plaintiff is apparently seeking to compel production of : (1) his complete personnel file; (2) a document with Plaintiff's name "showing [Plaintiff] as being medically removed by the OCMO" (TSA's Office of Chief Medical Officer); (3) emails showing the Transportation Security Administration's ("TSA's") human resources department's "prior communication with management in regard to the knowing illegal action they were engaging in"; and (4) supporting documentation regarding TSA employees removed for medical reasons. (Document No. 46, p. 2) (quoting Document No. 45); see also (Document No. 47).

Based on "Plaintiff's Reply…," there is no longer a dispute as to (1) Plaintiff's personnel file, and (4) documentation regarding TSA employees removed for medical reasons. (Document No. 47, pp. 1, 8). Therefore, the Court will focus on Plaintiff's remaining contentions.

First, the undersigned will quote Defendant's summary of the parties' theories of the case, which the undersigned finds instructive.

3

> Plaintiff's theory of the case is that TSA management in Charlotte retaliated against him when it unilaterally—and improperly—usurped the role of TSA's Office of Chief Medical Officer by determining themselves (as managers and not doctors) that Plaintiff was medically unqualified for duty as a TSA security screener after TSA improperly initiated a fitness for duty inquiry into him.
>
> Conversely, TSA contends Plaintiff's theory of the case is predicated on misconstruing the underlying correspondence, documents, and TSA policy.[] TSA asserts that Plaintiff submitted an FMLA leave request disclosing several potentially disqualifying medical conditions for his job as a TSA security screener (for which he was statutorily required to demonstrate a fitness for duty on a daily basis). Then, when TSA unsurprisingly inquired into Plaintiff's fitness for duty by sending him a fitness for duty (FFD) questionnaire, Plaintiff refused to respond to the FFD questionnaire and provide documentation to the OCMO. The OCMO concluded that it was "unable to make a determination due to refusal to cooperate with a medical inquiry." Ex. 1, p. 5. TSA management then issued a "Notice of *Proposed* Medical Removal" (emphasis added) stating that, based on Plaintiff's refusal to cooperate with the medical inquiry by the OCMO, TSA management must make the determination *based on Plaintiff's non-compliance*. Ex. 1, pp 1-2. Plaintiff then voluntarily retired.

(Document No. 46, p. 4).

Contention 2

Defendant asserts that Plaintiff's Contention 2, seeking a document with Plaintiff's name "showing [Plaintiff] as being medically removed by the OCMO," is requesting a document that is consistent with his theory of the case, but does not exist. (Document No. 46, pp. 4-5) (citing Document No. 46-1). Defendant further asserts that it cannot be compelled to produce a document that does not exist, and is contrary to OCMO's actual determination. Id.

In reply, Plaintiff acknowledges and discusses Defendant's production of the two letters/notices (Document No. 46-1) attached to its response. Plaintiff appears to disagree with Defendant's interpretation of the attached documents, and argues about it at some length, but does

4

not appear to still contend that Defendant's discovery production is deficient as to this request. See (Document No. 47, pp. 2-5).

Based on the foregoing, the undersigned does not find that it is necessary to compel further action by Defendant regarding Contention 2.

Contention 3

Plaintiff's third contention of incomplete discovery responses seeks to compel the production of emails showing TSA's human resources department's "prior communication with management in regard to the knowing illegal action they were engaging in." (Document No. 46, p. 5) (quoting Document No. 45, p. 2).

Defendant argues that this alleged deficiency, like Contention 2, simply reflects "that the documents or emails at issue in this case are consistent with TSA's theory of the case rather than Plaintiff's." Id. Defendant contends it has done everything it can to "ensure that any relevant documents or emails have been captured and produced." (Document No. 46, p. 6). According to Defendant, Plaintiff is arguing that his theory of the case is correct, and therefore, there must be documents to support his theory of the case. Id. Defendant concludes that the lack of documents supporting Plaintiff's claims is not a failure of its discovery production. (Document No. 46, p. 7).

Plaintiff's reply on this point is difficult to follow. (Document No. 47, p. 6). At least in part, Plaintiff seems to be arguing the merits of the case and/or his interpretation of the evidence, rather than explaining what it is that Defendant should be compelled to produce. (Document No. 47, pp. 6-7).

Liberally construing Plaintiff's argument, there appears to be confusion related to an email exchange between Carol Assimoglou and Teresa Davis dated January 17, 2017, around 11:09 – 1:51 PM. See (Document No. 47; Document No. 47-1, p. 47); see also (Document No. 46, p. 5;

5

Document No. 47-1, p. 49). It appears that part of the email exchange has been produced (Document No. 47-1, p. 47, Exhibit 11, TSA 001356) and part of the exchange has been deemed privileged as identified in Defendant's privilege log referring to TSA 000887 (Document No. 46, p. 5; Document No. 47-1, p. 49, Exhibit 12).

At this point, it seems that Plaintiff disagrees with Defendant's characterization of this email exchange, but is not actually arguing that there is more discovery to be produced. See (Document No. 47, p. 6). If the Court misunderstands the status of Contention 3, the parties are respectfully advised to confer to see if Defendant can provide a better explanation. If necessary, a redacted version of any related privileged document/email may assist Plaintiff's understanding of, and confidence in, Defendant's discovery response. Of course, if Defendant has other relevant, non-privileged information, it shall promptly supplement its discovery production.

To the extent Defendant's motion to compel argues the merits of the case, such arguments may be more effectively presented in the context of dispositive motion briefing. At this time, the undersigned is not persuaded that there is additional evidence that Defendant must be compelled to produce.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel" (Document No. 45) is **DENIED**.

**SO ORDERED**.

Signed: October 6, 2022

David C. Keesler
United States Magistrate Judge